STATE, EX REL. WILLIS E. REED, ATTORNEY GENERAL,
    RELATOR, V. GARDEN COUNTY ET AL., RESPONDENTS.

FILED FEBRUARY 1, 1919. No. 19387.

Counties: BOUNDARIES. The boundary between Grant county and Garden county *held* to be the section line running north and south three miles west of the range line between ranges 40 and 41, in townships 21, 22, and 23.

Original application for writ of ouster. *Writ allowed.*

*Willis E. Reed, Attorney General, George W. Ayres, A. D. Fetterman, W. H. Thompson* and *D. F. Osgood,* for relator.

*H. J. Curtis* and *F. A. Dutton, contra.*

ROSE, J.

This is an original action in the nature of *quo warranto* brought in the supreme court by the state of Nebraska, on the relation of the attorney general, to oust Garden county and its officers from exercising jurisdiction over a strip of land about 18 miles long and about three miles wide running north and south in townships 21, 22, and 23 north, range 41 west of the sixth principal meridian; it being alleged that the territory in controversy is in Grant county. Respondents in their answer deny the allegations on which relator bases his prayer for the writ. To the answer relator demurred. In an opinion overruling the demurrer there is a statement of the case. *State v. Garden County,* 99 Neb. 807. Hon. William Mitchell was appointed referee to take the testimony and to report his findings of fact and conclusions of law. Upon a full hearing, after taking testimony at great length on both sides, the referee found the issues in favor of relator. Defendants excepted, and the case is presented on the exceptions. The controversy be-

tween Grant county and Garden county is described by the referee in his report as follows:

"The question involved is whether the territory. three miles west from the east side of range 41, in townships 21, 22, and 23, west of the 6th P. M., is in Grant or Garden county, Nebraska. It is contended by Grant county that the 25th degree of longitude west from Washington is the west line of Grant county. Garden county contends that the west line of Grant county is the range line between ranges 40 and 41 in said townships. Just where the 25th degree of longitude was located on the earth's surface no one seemed to know prior to 1912. Grant county claimed that it was at or near the west line of the aforesaid disputed territory. In 1912, at the request of Grant county, E. C. Simmons, deputy state surveyor, established by survey the aforesaid degree of longitude approximately three quarters of a mile east of the west line of said disputed territory, and Grant county, admitting the correctness of said survey, has since claimed the line established by said survey as the 25th degree of longitude as and for the west line of said county.

"Grant county claims said disputed territory because it contends that it has long exercised jurisdiction and authority over same, and also because it is east of the 25th degree of longitude found and established by the Simmons survey. Garden county claims said disputed territory, without regard to where said 25th degree of longitude is located, because it contends that it and Deuel county have long exercised jurisdiction and authority over same. Garden county was formed in 1910 from a part of Deuel county.

"Where the 25th degree of longitude west from Washington is located and whether or not the different acts defining the boundaries of Grant county, passed by the legislature of Nebraska, are unconstitutional are not the vital questions in issue. The moving consideration for the decision in this case necessarily in-

volves the question of jurisdiction over the territory in question.

"Each county contends that it has always exercised exclusive jurisdiction over said disputed territory. This case, in my opinion, should be decided solely in favor of the county whose equitable claim of jurisdiction over the territory in question preponderates, if the record discloses such a state of facts. In order to do this it will be necessary to examine the evidence. It would not be possible to present within reasonable bounds any condensation of the great mass of evidence given at the trial that would materially aid the court in dealing with exceptions to this report. To give a just impression of its value, it would be necessary to set out an abstract of same. While it may be improper, yet, for the purpose of showing the court the reasons for my decision in this case, I am going to cite to the court, in a limited way, the evidence on which I base my findings of fact and conclusion of law."

Following this statement the referee makes specific findings on the issues of fact and concludes as follows:

"I therefore find that the 25th degree of longitude west from Washington is the boundary line between Grant and Garden counties, Nebraska, and that said 25th degree of longitude is located in townships 21, 22, and 23, range 41, at the place where the survey of said territory made by E. C. Simmons, deputy state surveyor, in 1912, establishes and locates same.

"I further find that a writ of ouster should issue against Garden county and its officials, and that they be ousted from all parts of said territory east of the 25th degree of longitude west from Washington in townships 21, 22, and 23, range 41, and that Garden county pay the costs of this action.

"My conclusion of law is that Garden county is prevented by the equitable doctrine of estoppel or laches from now claiming that the boundary line between

Grant and Garden counties is the range line between ranges 40 and 41 in townships 21, 22, and 23.

"In view of the fact that said 25th degree of longitude west from Washington dismembers farms and ranches and places them in different counties, and that without regard to section lines as established by government survey, I recommend that the court fix the west line of said disputed territory, as claimed by Grant county, three miles west of the range line between ranges 40 and 41 in townships 21, 22, and 23 as the boundary line between Grant and Garden counties, Nebraska."

It is argued on behalf of respondents that the findings on which the referee bases his conclusions are not supported by the evidence. The testimony is too voluminous for analysis in an opinion, but the findings which control the decision are amply supported by the evidence. It follows that the exceptions are overruled, and that the report of the referee is confirmed.

It is therefore adjudged that the boundary between Grant county and Garden county is the section line running north and south three miles west of the range line between ranges 40 and 41 in townships 21, 22, and 23. Writ of ouster allowed to prevent defendants from exercising county jurisdiction beyond the boundary described.

WRIT ALLOWED.

The following opinion on motion for rehearing was filed April 4, 1919. *Rehearing denied.*

PER CURIAM.

On the motion for rehearing, it is contended that, as the finding is that the 25th degree of longitude west from Washington is the boundary line between the two counties, the order fixing the line three miles west of the range line amounts to an arbitrary change of the county line, which of course the court is not author-

ized to do. The court understood the finding to be that the 25th degree of longitude was originally fixed by the legislature as the boundary line, but that Garden county is prevented by estoppel, as is explained in our former opinion, from now claiming that as the practical boundary line, and as both counties have ignored that as the boundary and the townships have been organized and farms and ranches located with reference to a different boundary line, the line so established by the practice of the public and of the farm owners should be regarded as the true line, and it was therefore so adjudged in the decision.